1    **WO**

6                **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

9    Vernon Michael Langloss,                  No. CV-15-0204-TUC-RCC (BGM)

10                      Petitioner,

11                                             **REPORT AND RECOMMENDATION**
     v.

13   Charles L. Ryan, *et al.*,

14                      Respondents.

        Currently pending before the Court is Petitioner Vernon Michael Langloss's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1).  Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 23).   No reply was filed. Petitioner has also filed a Motion for Status Report and Temporary Stay (Doc. 24).  The Petition is ripe for adjudication.

        Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation.   The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

     . . .

     . . .

     . . .

     _____
        [1] Rules of Practice of the United States District Court for the District of Arizona.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.  *Initial Charge and Sentencing*

The Arizona Court of Appeals stated the facts[2] as follows:

> After a 1993 jury trial, Langloss was convicted of two counts of sexual conduct with a minor under fourteen, two counts of child molestation, and one count of attempted sexual conduct with a minor under fourteen, all dangerous crimes against children involving the same victim, alleged to have occurred "on or about the month of April 1993." The trial court treated three of the convictions as predicate offenses and sentenced Langloss to presumptive, consecutive terms of imprisonment—two terms of twenty-eight years for the child molestation counts, one term of twenty years, on ten-year term, and life imprisonment without possibility of release for thirty-five years.

Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2011-0038-PR, Memorandum Decision 6/9/2011 (Exh. "A") at 1–2.

## B.  *Direct Appeal and First Post-Conviction Relief Proceeding*

Langloss's direct "appeal was stayed pending completion of post-conviction proceedings[,] [and] [h]is [post-conviction relief] petition for review from the trial court's summary denial of relief has been consolidated with the appeal." Answer (Doc. 23), Ariz. Ct. of Appeals, Case Nos. 2 CA-CR 94-0027 & 2 CA-CR 95-0635-PR, Memorandum Decision 10/31/1996 (Exh. "B") at 2.[3] On October 31, 1996, the Arizona Court of Appeals granted review, but denied relief of the consolidated appeal. *See id.*, Exh. "B." The appellate court construed Petitioner's issues on appeal, as follows: (1) "the trial court erred in denying his motion to strike for cause prospective juror 'A.C.'"; (2) three instances of prosecutorial misconduct allegedly requiring reversal of his

---

[2] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

[3] Petitioner attached a copy of this decision, as well as other relevant documents, to his Petition (Doc. 1). For clarity, however, the Court refers solely to the exhibits attached to Respondents' Answer (Doc. 23), because they are clearly delineated as exhibits.

convictions; (3) "the trial court erred in failing to direct a verdict on the charge of attempted sexual conduct with a minor"; and (4) "challeng[ing] the imposition of enhanced, consecutive sentences." *Id.*, Exh. "B" at 2, 4, 7–8. The appellate court further stated that "[i]n [Petitioner's] petition for review, appellant contends that the trial court erred in summarily denying relief on his petition for post-conviction relief, arguing that he had stated colorable claims of ineffective assistance and newly discovered evidence." *Id.*, Exh. "B" at 9.

Regarding the trial court's refusal to strike a juror for cause, the appellate court reviewed the lower court's voir dire of the potential juror, and found that "the trial court could reasonably infer that A.C. could render a fair and impartial verdict." *Id.*, Exh. "B" at 3. As such, the appellate court found "no abuse of discretion in the denial of appellant's motion to strike for cause." Answer (Doc. 23), Exh. "B" at 4. Next, the appellate court addressed Petitioner's arguments regarding prosecutorial misconduct. *Id.*, Exh. "B" at 4–7. Because Petitioner had not objected to the prosecutor's closing argument, the appellate court reviewed the portion of Petitioner's appeal related to the same for fundamental error. *Id.*, Exh. "B" at 4. The appellate court first considered the prosecutor's closing arguments regarding evidence related to Petitioner's wife's alleged drug use. *Id.*, Exh. "B" at 5. The appellate court found no fundamental error, noting that "although the prosecutor's statements were arguably improper, we cannot find that appellant was prejudiced by them." *Id.*, Exh. "B" at 5. Similarly, regarding the prosecutor's cross-examination of Petitioner about alleged statements that he made to CPS, the appellate court found no prosecutorial misconduct, noting that "the purpose of the inquiry was to attack appellant's credibility." Answer (Doc. 23), Exh. "B" at 6. The appellate court agreed with Petitioner that the prosecution asking him if each witness of the state's witnesses were lying was improper. *Id.*, Exh. "B" at 6. The appellate court noted, however, that Petitioner did not object at trial, and as such applied a fundamental error analysis. *Id.*, Exh. "B" at 6–7. The appellate court went on to "conclude that the jury's decision was not affected by the prosecutor's questions." *Id.*, Exh. "B" at 7.

The appellate court next considered Petitioner's assertion "that the trial court erred in failing to direct a verdict on the charge of attempted sexual conduct with a minor," for lack of evidence.  *Id.*, Exh. "B" at 7–8.  The appellate court noted that Petitioner had failed to object to the testimony he alleged was hearsay, and that the testimony before the trial court "was more than sufficient to support the attempt conviction."  Answer (Doc. 23), Exh. "B" at 7–8.  Finally, the appellate court considered Petitioner's challenge to "the imposition of enhanced, consecutive sentences."  *Id.*, Exh. "B" at 8.  Pursuant to state procedural rules, the appellate court held that "[t]he indictment . . . [was] deemed amended to conform to the evidence, . . . and the victim's testimony was sufficient to support a finding that those counts which were used as predicate priors occurred at different times than the counts which they enhanced."  *Id.*, Exh. "B" at 9.  As such, the appellate court found that "each could be used as a predicate prior."  *Id.*, Exh. "B" at 9.

With regard to Petitioner's post-conviction relief petition, the appellate court noted Petitioner's argument that trial counsel erred in calling "witnesses who could have corroborated his claim that the victim's mother was using drugs."  *Id.*, Exh. "B" at 9.  He further urged that such evidence was "newly discovered."  Answer (Doc. 23), Exh. "B" at 9.  The appellate court found Petitioner's claim "clearly meritless, . . . because all of the witnesses and the substance of their information were known to appellant at the time of trial."  *Id.*, Exh. "B" at 9.  The appellate court further found that "the reports of [Petitioner's] own investigators revealed that all but two of these witnesses either had no knowledge of any drug use by the mother or gained what knowledge they had from [Petitioner]."  *Id.*, Exh. "B" at 9.  The appellate court determined that "trial counsel did in fact attempt to locate and interview the witnesses identified by [Petitioner] but was unable to find anyone who was able to substantiate [Petitioner's] allegations[,]" and as such, his ineffective assistance of counsel claim could not stand.  *Id.*, Exh. "B" at 10.

Petitioner's request for review of this decision by the Arizona Supreme Court was denied without comment.  *See* Answer (Doc. 23), Supreme Court, State of Ariz., Case No.CR-97-0074-PR, Order 6/26/1997 (Exh. "C").

### C.  Second Post-Conviction Relief Proceeding

On May 26, 2009, Petitioner filed a successive Petition for Post-Conviction Relief ("PCR").  *See* Answer (Doc. 23), Pl.'s Pet. for PCR 5/26/2009 (Exh. "D").  Relying on several state law cases, Petitioner asserted that significant changes in the law would result in overturning his sentence.  Answer (Doc. 23), Exh. "D" at 6–13.  Specifically, Petitioner relied on *State v. Brown*, 191 Ariz. 102, 952 P.2d 746 (Ct. App. 1998) to argue that because his "trial and sentencing on Counts 4 through 8 took place at the same time[,] [he] could not have been 'previously convicted' of any of [those counts][,] [and] Counts 5, 7 and 8 [could] not be considered predicate priors[.]"  Answer (Doc. 23), Exh. "D" at 7.  Relying on *In re Jerry C.*, 214 Ariz. 270, 151 P.3d 553 (Ct. App. 2007), Petitioner argued that "Counts 4 and 8 described the lesser included offense of Count 5[,]" and "Count 6 described the lesser included offense of Count 7."  Answer (Doc. 23), Exh. "D" at 10–11.  Petitioner then argued that *State v. Ortega*, 220 Ariz. 320, 206 P.3d 769 (Ct. App. 2008) directs that a conviction of both an offense and its lesser included counterpart violates that Double Jeopardy Clause, and thus required the conviction for the lesser included charge to be vacated.  Answer (Doc. 23), Exh. "D" at 11–12.  Petitioner further relied on *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (Ct. App. 2007) to argue that he was illegally sentenced under Section 13-604.01, Arizona Revised Statute, rather than Section 13-702.  *Id.*, Exh. "D" at 13–15.

On March 15, 2010, The Rule 32 court held a hearing and resentenced Petitioner on Counts five (5), seven (7), and eight (8).  *See* Answer (Doc. 23), Ariz. Superior Court, Pima County, Case No. CR41697, Ruling 3/15/2010 (Exh. "E") & Hr'g Tr. 3/15/2010 (Exh. "F").  Originally, Counts four (4), six (6), and seven (7) had been treated as predicate felonies, and Petitioner's sentences for Counts five (5), seven (7), and eight (8) had been enhanced accordingly.  *See* Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2011-0038-PR, Memorandum Decision 6/9/2011 (Exh. "A") at 3.  The Rule 32 court determined that *State v. Brown*, *supra*, required the resentencing, and denied all of Petitioner's other claims for relief.  *Id.*, Exh. "A" at 3.

On Langloss's Petition for Review, the appellate court noted that the lower court's resentencing decision was not before it, stating that "[t]he court's resentencing order is subject to review by direct appeal." *Id.*, Exh. "A" at 3 n.1 (citations omitted). As such, the appellate court limited its review "to the court's denial of Langloss's claims for post-conviction relief from his original convictions and sentences." *Id.*, Exh. "A" at 3 n.1. The appellate court noted that "[t]o the extent Langloss has stated a non-precluded claim challenging his convictions for child molestation, the trial court determined double jeopardy principles were not implicated because he had been convicted for separate and distinct acts charged in each of the five counts of his indictment." *Id.*, Exh. "A" at 4 (citing *State v. Ortega*, 220 Ariz. 320, ¶ 9, 206 P.3d 769, 772–73 (Ct. App. 2008)). The appellate court went on to find that the trial court did not abuse its discretion. Answer (Doc. 23), Exh. "A" at 4. The appellate court further found that "the trial court's determination that [the court of appeals'] holding in *Gonzalez* did not apply to this case" was not an abuse of discretion. *Id.*, Exh. "A" at 5. The appellate court also recognized that "this claim is precluded by Langloss's failure to raise it on appeal or in his first Rule 32 proceeding, and it was properly dismissed for that reason as well." *Id.*, Exh. "A" at 5 (citing Ariz. R. Crim. P. 32.2(a)(3) & (c)). In light of the preclusion, as well as lack of legal merit, the appellate court denied relief. *Id.*, Exh. "A" at 6.

### D. Third Post-Conviction Relief Proceeding[4]

On July 3, 2012, Petitioner filed another PCR petition styled "Petition for Post Conviction Relief (PCR-4)." *See* Answer (Doc. 23), Pet.'s Pet. for PCR (PCR-4) 7/3/2012 (Exh. "G"). Petitioner sought a delayed appeal from his March 2010 re-sentencing. *Id.*, Exh. "G" at 1–2. Petitioner asserted that appellate counsel "mistakenly believed that the proper mechanism for appellate review was to file a Petition for Review in the Court of Appeals." *Id.*, Exh. "G" at 2. Additionally, Petitioner noted a delay in his

---

[4] Petitioner states that he cannot find documentation regarding his third PCR petition. Petition (Doc. 1) at 5. The record before the Court does not contain evidence of a third PCR petition other than the one discussed in the subsection, which was styled as PCR-4. If there is another PCR petition, Petitioner's current habeas petition does not reference it further.

receipt of the Memorandum Decision regarding the Petition for Review. *Id.*, Exh. "G" at 4. Upon review, the Rule 32 court found Defendant entitled to relief. Answer (Doc. 23), Ariz. Superior Court, Pima County, Case No. CR41697, Order 7/30/2012 (Exh. "H").

### E.  Direct Appeal of Sentences

On August 16, 2012, Petitioner filed his *pro se* Notice of Delayed Appeal with the trial court. *See* Answer (Doc. 23), Pet.'s *Pro Se* Notice of Delayed Appeal (Exh. "I"). On April 17, 2013, Petitioner filed his Opening Brief asserting four (4) grounds for relief. *See* Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2012-0352, Appellant's Opening Br. (Exh. "J"). Petitioner alleged the trial court committed the following errors: (1) violation of "state and federal constitutional prohibitions against double jeopardy by imposing multiple punishment for Counts Four, Five, Six, Seven, and Eight"; (2) violation of "state and federal constitutional prohibitions against double jeopardy by convicting and separately sentencing Appellant for both greater and lesser-included offenses"; (3) Due Process violation because Appellant "was convicted and separately sentenced for both greater and lesser-included offenses"; and (4) Due Process violation "by refusing to make an independent determination of whether Counts Five and Seven Were [sic] '*separate acts*' from Counts Four, Six, and Eight[.]" *Id.*, Exh. "J" at 7 (emphasis in original).

In a Memorandum Decision, the Arizona Court of Appeals affirmed Petitioner's sentences. *See* Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2012-0352, Mem. Decision 11/19/2013 (Exh. "M"). The appellate court first considered Petitioner's double jeopardy claims in light of counts five and seven allegedly being lesser-included offenses. *Id.*, Exh. "M" at 4. The court found that "[t]he validity of an underlying conviction that was previously affirmed on appeal is beyond the scope of a direct appeal after resentencing." *Id.*, Exh. "M" at 4 (citing *State v. Dann*, 220 Ariz. 351, ¶ 26, 207 P.3d 605, 613 (2009); *State v. Hartford*, 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (Ct. App. 1985)). As such, the appellate court limited its review "to those issues that relate only to the resentencing on counts five, seven, and eight." *Id.*, Exh. "M" at 4 (citing *State*

*v. Shackart*, 190 Ariz. 238, 255, 947 P.2d 315, 332 (1997)). Concluding that Petitioner's "double jeopardy arguments challenge the underlying convictions," the appellate court declined to address them on appeal. *Id.*, Exh. "M" at 6.

Regarding Petitioner's due process argument regarding the trial court's alleged refusal "to make an independent determination of whether the sentences violated the prohibition against double jeopardy[,]" the appellate court held that it "need not address this argument further given that it would have been improper for the court to consider a challenge to the underlying convictions upon resentencing." *Id.*, Exh. "M" at 6 (citing *State v. Hartford*, 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (Ct. App. 1985)). Finally, the appellate court considered Petitioner's argument that "the trial court erred when it sentenced him pursuant to A.R.S. § 13-604.01,[] the scheme for dangerous crimes against children, instead of A.R.S. §§ 13-701 and 13-702." *Id.*, Exh. "M" at 6 (footnotes omitted). The appellate court stated that "[t]he statutes for molestation and sexual conduct with a minor plainly direct the trial court to sentence the offender pursuant to §13-604.01[.]" *Id.*, Exh. "M" at 8. The appellate court further noted that "§ 13-604.01 is a separate sentencing scheme for certain types of crimes committed against children under the age of 15 years." *Id.*, Exh. "M" at 8 (quotations omitted) (citing *State v. Smith*, 156 Ariz. 518, 525, 753 P.2d 1174, 1181 (Ct. App. 1987), *disapproved on other grounds by State v. Jonas*, 164 Ariz. 242, 249, 792 P.2d 705, 712 (1990)). As such, the appellate court held that "[t]he trial court did not err in resentencing Langloss pursuant to § 13-604.01." *Id.*, Exh. "M" at 8.

On May 28, 2014, the Arizona Supreme Court denied Petitioner's Petition for Review without comment. Answer (Doc. 23), Supreme Court, State of Ariz., Case No. CR-13-0450-PR, Order 5/28/2014 (Exh. "N"). On July 16, 2014, the appellate court issued its mandate. Answer (Doc. 23), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2012-0352, Mandate 7/16/2014 (Exh. "O").

### F. The Instant Habeas Proceeding

On May 15, 2015, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ

- 8 -

of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner claims four (4) grounds for relief. First, Petitioner alleges that he was "illegaly [sic] sentenced." Petition (Doc. 1) at 6. Petitioner supports this contention by arguing that "[t]he 1993 A.R.S. clearly states how a 1st time sex offence [sic] is to be sentence [sic][,] when no weapon, no bodily harm or any deaths occured [sic][.]" *Id.* Petitioner also asserts that there was only one victim. *Id.* Second, Petitioner alleges that his "sentence was illegal, change in law significantly, [sic] lesser included offences [sic][,] double jeopardy clause[,] sentence enhancements[.]" Petition (Doc. 1) at 7. Petitioner asserts that his interpretation of two cases and the legislative history from 1985 require that he should have been sentenced as a first time offender where no death or bodily harm occurred, and no weapons were used. *Id.* Petitioner also opines that his charges included lesser included offenses. *Id.* Third, Petitioner alleges an illegal sentence, because the wrong sentencing code was allegedly used, and "[t]he divisional court judge did not want to take the time to look at the two different structures for this area of sex offences [sic]." Petition (Doc. 1) at 8. Finally, Petitioner alleges that an "[i]llegal sentencing code was used[,] [and the] Double Jeopardy Clause violation [sic] by imposing multiple punishments for counts 5 and 7 in addition to counts 4, 6 and 8[,] constitutional violations 8 & 14th amendment of U.S. Constitution." Petition (Doc. 1) at 9. Petitioner again argues that he has been subject to an "[i]llegal sentence based on A.R.S. 13-701 and A.R.S. 13-702 (A.R.S. 1993)". *Id.* Petitioner also asserts that "[t]he laws that were in place at the time is [sic] very clear regarding this area[,] [b]ecause there exists no evidence that the offenses involved any of the statutory qualifiers for dangerous offenses." *Id.*

On January 14, 2016, Respondents filed their Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 23), asserting that Petitioner had failed to advance federal grounds for relief in his first and third claims, and that his second and fourth claims were procedurally defaulted without excuse. *See* Answer (Doc. 23). Petitioner did not file a reply.

## II.    STANDARD OF REVIEW

### A.  *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, 571 U.S. 12, 19, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this

presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already

cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the

Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on

which to address the merits of his claims.").  In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted).  Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts.  *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'"  *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)).  "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'"  *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera*, 506 U.S. at 404, 113 S.Ct. at 862.  Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim."  *Id.*, 2002 cmt.  Neither Rule 32.2 nor

the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III.    STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Langloss's petition. The Court has

1    independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant
2    to 28 U.S.C. § 2244(d)(1)(A).

3

4    **IV.    ANALYSIS**

5        ***A.    Grounds One:  Illegal Sentence***

6        Petitioner asserts that he was "illegaly [sic] sentenced."  Petition (Doc. 1) at 6.
7    Petitioner argues that the 1993 Arizona Revised Statutes "clearly" stated how Petitioner
8    should be sentenced as a first time sex offender, with one victim, and where no weapon
9    was used, and no bodily harm or death occurred.  *Id.*  Respondents assert that Petitioner's
10   claims are too vague and conclusory to warrant habeas relief, and further, Petitioner has
11   failed to state a federally cognizable claim.    Answer (Doc. 23) at 5.    As such,
12   Respondents assert that claim one is "non-cognizable on federal habeas review."  *Id.* at 6.
13   The Court agrees with Respondents.

14       Correcting errors of state law is not the province of federal habeas corpus relief.
15   *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).
16   Section 2254 expressly states that "a district court shall entertain an application for a writ
17   of habeas corpus in behalf of a person in custody pursuant to the judgment of a State
18   court **only on the ground that he is in custody in violation of the Constitution or laws**
19   **or treaties of the United States**."  28 U.S.C. § 2254(a) (emphasis added).  Petitioner's
20   claims regarding the legality of his sentence are based solely on the Arizona court's
21   construction of the State's sentencing statutes.    Furthermore, the Arizona Court of
22   Appeals held that "[t]he trial court did not err in resentencing Langloss pursuant to § 13-
23   604.01."  Answer (Doc. 23), Exh. "M" at 8.  Moreover, the appellate court stated that
24   "[t]he statutes for molestation and sexual conduct with a minor plainly direct the trial
25   court to sentence the offender pursuant to §13-604.01[.]"  *Id.*, Exh. "M" at 8.  The
26   appellate court also noted that "§ 13-604.01 is a separate sentencing scheme for certain
27   types of crimes committed against children under the age of 15 years."  *Id.*, Exh. "M" at 8
28   (quotations omitted) (citing *State v. Smith*, 156 Ariz. 518, 525, 753 P.2d 1174, 1181 (Ct.

App. 1987), *disapproved on other grounds by State v. Jonas*, 164 Ariz. 242, 249, 792 P.2d 705, 712 (1990)). As such, Petitioner's claim that he was illegally sentenced cannot stand.

### B. Ground Two: Illegal Sentence and Double Jeopardy

Petitioner asserts that his interpretation of two cases and the legislative history from 1985 require that he should have been sentenced as a first time offender where no death or bodily harm occurred, and no weapons were used. Petition (Doc. 1) at 7. In making this argument, Petitioner obliquely references the Double Jeopardy Clause of the Fifth Amendment. *Id.* Respondent asserts that "[t]his claims is too vague and conclusory to warrant habeas relief"; however, to the extent that the claim is cognizable, it has been procedurally defaulted. The Court agrees with Respondent.

Petitioner arguably raised this claim on direct appeal following his resentencing. *See* Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2012-0352, Appellant's Opening Br. (Exh. "J") at 7 (alleging the trial court erred by violating the "state and federal constitutional prohibitions against double jeopardy by imposing multiple punishment for Counts Four, Five, Six, Seven, and Eight" and the "state and federal constitutional prohibitions against double jeopardy by convicting and separately sentencing Appellant for both greater and lesser-included offenses"). The appellate court found that "[t]he validity of an underlying conviction that was previously affirmed on appeal is beyond the scope of a direct appeal after resentencing." *Id.*, Exh. "M" at 4 (citing *State v. Dann*, 220 Ariz. 351, ¶ 26, 207 P.3d 605, 613 (2009); *State v. Hartford*, 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (Ct. App. 1985)). As such, the court limited its review "to those issues that relate only to the resentencing on counts five, seven, and eight." *Id.*, Exh. "M" at 4 (citing *State v. Shackart*, 190 Ariz. 238, 255, 947 P.2d 315, 332 (1997)). Concluding that Petitioner's "double jeopardy arguments challenge the underlying convictions," the appellate court declined to address them on appeal. *Id.*, Exh. "M" at 6. As such, Petitioner's claims were procedurally barred.

Because Petitioner's claim was precluded by the Arizona courts, it is procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2253–54, 115 L.Ed.2d 640 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard. *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

Accordingly, Petitioner's claim for a double jeopardy violation arising from his sentences is without merit.

### C. Ground Three: Illegal Sentence Based on Wrong Sentencing Code

Petitioner asserts that "[t]he Divisional Court Judge did not want to take the time to look at the two differant [sic] structures for this area of sex offences [sic][,]" and used the wrong sentencing code resulting in an illegal sentence. Petition (Doc. 1) at 8.

Respondents assert that Petitioner's claims are too vague and conclusory to warrant habeas relief, and further, Petitioner has failed to state a federally cognizable claim. Answer (Doc. 23) at 5. As such, Respondents assert that claim one is "non-cognizable on federal habeas review." *Id.* at 6. The Court agrees with Respondents.

As discussed in Section IV.A., *supra*, correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Petitioner's claims regarding the legality of his sentence are based solely on the Arizona court's construction of the State's sentencing statutes, which the Arizona Court of Appeals upheld. Answer (Doc. 23), Exh. "M" at 8 ("[t]he trial court did not err in resentencing Langloss pursuant to § 13-604.01"). As such, Petitioner's claim that he was illegally sentenced based on the court's use of the "wrong" sentencing code is not cognizable on habeas review.

### D. Ground Four: Sentences in Violation of Double Jeopardy

Petitioner alleges that an "[i]llegal sentencing code was used[,] [and the] Double Jeopardy Clause violation [sic] by imposing multiple punishments for counts 5 and 7 in addition to counts 4, 6 and 8[,] constitutional violations 8 & 14th amendment of U.S. Constitution." Petition (Doc. 1). Respondent argues this claim is too vague and conclusory to warrant relief. Answer (Doc. 23) at 11–12. Respondent further argues that Petitioner "has never raised an Eighth and Fourteenth Amendment Double Jeopardy argument before any state court," and would be procedurally barred from doing so now. *Id.* at 12.

To the extent that Petitioner is challenging the Arizona sentencing scheme based on the use of the "wrong" statute, such claim is not cognizable in habeas. *See* Section IV.A. & C., *supra*. To the extent that Petitioner is making the argument he presented on direct appeal following his resentencing, it must fail. *See* Answer (Doc. 23), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2012-0352, Appellant's Opening Br. (Exh. "J") at 7 (alleging the trial court erred by violating the "state and federal constitutional prohibitions against double jeopardy by imposing multiple punishment for Counts Four,

Five, Six, Seven, and Eight" and the "state and federal constitutional prohibitions against double jeopardy by convicting and separately sentencing Appellant for both greater and lesser-included offenses"). As discussed in Section IV.B., *supra*, Petitioner's claim was procedurally barred.

Because Petitioner's claim was precluded by the Arizona courts, it is procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2253–54, 115 L.Ed.2d 640 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard. *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

### E.   Conclusion

In light of the foregoing, the Court finds that Petitioner's habeas claims are

without merit, and recommends the Petition (Doc. 1) be denied.

## V.    MOTION FOR STATUS AND STAY

Petitioner seeks a status report, as well as a temporary stay to "pursue a matter in divisional court[.]" Motion for Status and Stay (Doc. 24). Petitioner did not provide the Court with any information regarding the matter he seeks to pursue or its relationship to this habeas proceeding. In light of the Court's resolution of Petitioner's Petition (Doc. 1), the Court will deny Petitioner's request for stay. The Court will grant Petitioner's request for a status update. The Clerk of the Court shall send a copy of the docket sheet to Petitioner.

## VI.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) and GRANTING in part and DENYING in part Petitioner's Motion for Status Report and Stay (Doc. 24).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-15-0204-TUC-RCC**.

. . .

. . .

. . .

. . .

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. **The Clerk of the Court shall send a copy of this Report and Recommendation to all parties. The Clerk of the Court shall also send a copy of the docket sheet to Mr. Langloss.**

Dated this 9th day of August, 2018.

Honorable Bruce G. Macdonald
United States Magistrate Judge